UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
ROBERT J. ABALOS,                         )    No. C07-844RSL
                                          )
            Plaintiff,                    )    ORDER DENYING PLAINTIFF'S
     v.                                   )    MOTION FOR RULE 11 SANCTIONS
                                          )
WILLIAM BRONCHICK, *et al.*,              )
                                          )
            Defendants.                   )
_____)

## I. INTRODUCTION

This matter comes before the Court on *pro se*[1] plaintiff's "Motion For Sanctions Under Rule 11 Against Defendant's Counsel" (Dkt. #19). In his motion, plaintiff seeks sanctions under Fed. R. Civ. P. 11 against defendants' counsel because of alleged "false, misleading, and knowingly incorrect statements" contained in defendants' "Motion to Set Aside Order of Default" (Dkt. #13) and the accompanying declaration of counsel. For the reasons stated below, the Court denies plaintiff's motion.

## II. DISCUSSION

**A.   Background and Procedural History**

On June 4, 2007, plaintiff filed this action claiming defendants violated provisions of the

---

[1] Although plaintiff is proceeding *pro se*, the Court notes that plaintiff is currently on administrative suspension from the bars of Massachusetts, Virginia, and the District of Columbia. See, e.g., http://massbbo.org (indicating plaintiff is administratively suspended); http://www.vsb.org (same); http://www.dcbar.org (same).

ORDER DENYING PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS

Fair Credit Reporting Act, 15 U.S.C. § 1681, by accessing plaintiff's personal credit report. See Dkt. #1 (Complaint). On August 10, 2007, defendants' counsel entered a notice of appearance. See Dkt. #2 (Notice of Appearance of Evan L. Loeffler). On August 21, 2007, the Court entered an "Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement) (Dkt. #3) requiring that the parties file a joint Fed. R. Civ. P. 26(f) and Local Civil Rule 16 status report and discovery plan by October 2, 2007. See Dkt. #4. The parties, however, failed to comply with the August 21, 2007 order, and as a result, on November 6, 2007, the Court ordered the parties to show cause why they should not be sanctioned for their failure to file the joint status report and discovery plan. See Dkt. #5. Shortly thereafter, plaintiff moved for entry of default, which was granted (Dkt. #12), and defendants subsequently moved to vacate the default, which was granted on February 4, 2008 (Dkt. #16). Plaintiff now moves for Rule 11 sanctions against defendants' counsel for alleged misrepresentations contained in defendants' January 10, 2009 motion to vacate the default and the accompanying declaration of counsel. See Dkt. #13.

**B.      Analysis**

A district court is vested with discretion whether or not to enter Rule 11 sanctions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs. Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994); see Fed. R. Civ. P. 11(b). Although plaintiff's motion is not a model of clarity, he appears to argue that the factual contentions contained in the motion to vacate the default do not have evidentiary support as required by Rule 11(b)(3). See, e.g., Dkt. #19 at ¶¶4 - 13; Fed. R. Civ. P. 11(b) (stating "By presenting to the court a . . . written motion . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

ORDER DENYING PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS                          -2-

circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

The Court finds that plaintiff has failed to show that defense counsel's contentions in the motion to vacate the default were not formed after an inquiry reasonable under the circumstances sufficient to warrant the imposition of Rule 11 sanctions. Although plaintiff attaches a series of e-mails[2] purporting to show that defense counsel's representations that "[n]either defendant nor defendant's counsel hear [sic] from the plaintiff telephonically, personally or in writing since August" and "[t]here have been no phone calls, letters, or other communications received by either the defendant or defense counsel" are false, there is nothing indicating that defendants' counsel, under the circumstances, was aware of this alleged communication between plaintiff and defendant Bronchick. See Dkt. #13 at 1-2. The remainder of plaintiff's contentions in his motion either lack evidentiary support, or are simply personal attacks against defense counsel for events that are irrelevant and unrelated to this action and will not be condoned by this Court in future filings.[3]

---

[2] Not only has plaintiff provided no evidentiary support for the profane and disturbing e-mails attached to his motion, the e-mails state that they were sent under the guise of Fed. R. Evid. 408 inadmissible settlement offers. See Dkt. #19 at 7 ("Everything said here is part of settlement discussions and is not admissible."). Furthermore, as defendants' counsel correctly addresses in response, given that counsel entered a notice of appearance in this matter on August 10, 2007, all communications from plaintiff in this matter should presumptively have been directed to counsel. See Dkt. #22 at 2 ("Mr. Abalos is a lawyer. He therefore should know better than to have direct contact with a party represented by counsel.").

[3] The Court also notes that there has been no showing that plaintiff complied with Rule 11's "safe harbor" provision before filing his motion. Rule 11(c)(2)'s "safe harbor provision gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing the motion." Retail Flooring Dealers of Am. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003) (reversing district court's award of Rule 11 sanctions because Beaulieu failed to comply with the safe harbor provision even though Retail Flooring did not raise this argument before the district court); Fed. R. Civ. P. 11(c)(2) ("The motion must be served under Rule 5,

ORDER DENYING PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS              -3-

### III. CONCLUSION

For all the foregoing reasons, plaintiff's "Motion For Sanctions Under Rule 11 Against Defendant's Counsel" (Dkt. #19) is DENIED.

DATED this 21st day of April, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

---

but it must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service[.]"). Plaintiff also failed to file a reply in support of his motion.

ORDER DENYING PLAINTIFF'S MOTION
FOR RULE 11 SANCTIONS                -4-