UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROBERT J. ABALOS,                        )  No. C07-844RSL
                                         )
                    Plaintiff,           )  ORDER DENYING PLAINTIFF'S
         v.                              )  MOTION FOR LEAVE TO AMEND
                                         )
WILLIAM BRONCHICK, *et al.*,             )
                                         )
                    Defendants.          )
_____  )

## I. INTRODUCTION

This matter comes before the Court on *pro se*[1] plaintiff's "Motion to Amend Complaint and Join Additional Defendants and Additional Cause of Action" (Dkt. #20). Plaintiff moves to amend his complaint to add a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and to join two additional parties. For the reasons stated below, the Court denies plaintiff's motion.

## II. DISCUSSION

**A.   Background and Procedural History**

On June 4, 2007, plaintiff filed this action claiming defendants William Bronchick and Flamingo West Ltd. (hereinafter "defendants") violated provisions of the Fair Credit Reporting

---

[1] Although plaintiff is proceeding *pro se*, the Court notes that plaintiff is currently on administrative suspension from the bars of Massachusetts, Virginia, and the District of Columbia. See, e.g., http://massbbo.org (indicating plaintiff is administratively suspended); http://www.vsb.org (same); http://www.dcbar.org (same).

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND

Act, 15 U.S.C. § 1681, ("FCRA") by accessing plaintiff's personal credit report on July 24, 2006, September 25, 2006, and January 17, 2007 through Trak-1 Technology, a background screening company. See Dkt. #1 (Complaint) at ¶¶6 - 13. On January 10, 2008, defendants answered the complaint and denied the allegations regarding violations of the FCRA. See Dkt. #14 (Answer).

In his motion, plaintiff alleges that he filed an anti-harassment restraining order in 2006 against Ines Romischer in King County District Court. See Dkt. #20 at 2-3. Defendants' counsel, Evan Loeffler, represented Ms. Romischer in this state court proceeding. See Dkt. #13 at ¶3. On January 12, 2007, a hearing was held on the anti-harassment matter and it was continued by the King County District Court until January 26, 2007. Id. Plaintiff alleges that after the January 12, 2007 hearing, "Defendant Bronchick ordered a copy of Plaintiff's personal credit report under false pretenses for use by the Defendants Romischer and Loeffler in this legal proceeding in King County District Court in violation of Section 619 of the Fair Credit Reporting Act, 15 USC 1681(q)." Dkt. #20 at ¶8. Based on these allegations, plaintiff now moves to amend his complaint to add a cause of action under RICO, 18 U.S.C. § 1964, and to join Ms. Romischer and Mr. Loeffler. See id. at 3-4.

**B.    Analysis**

Amendments to pleadings are governed by Fed. R. Civ. P. 15. Given that defendants answered plaintiff's complaint and oppose amendment, Rule 15(a)(2) applies in this case and provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave, [and] [t]he court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Although a district court has discretion to grant or deny a motion for leave to amend, the Ninth Circuit "strictly review[s] such denial [of a motion for leave to amend] in light of the strong policy permitting amendment." Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995).

"In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" Owens, 244 F.3d at 712 (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999)); see Foman v. Davis, 371 U.S. 178, 182 (1962) (outlining factors). "Absent prejudice, or a strong showing" of any of the other factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original); Griggs, 170 F.3d at 880 ("Generally, this determination should be performed with all inferences in favor of granting the motion."). Despite the presumption and policy in favor of amendment, the Court finds that in this case denying plaintiff leave to amend his complaint is appropriate given the strong showing that the amendment is being pursued in bad faith, plaintiff unduly delayed in filing his amendment, and the amendment is futile.

**1.   Bad faith**

In order for the Court to find that plaintiff filed for leave to amend in bad faith, there must be evidence in the record which would indicate a "wrongful motive." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith."). Typically, at this early stage of the proceeding, there is insufficient evidence for the Court to determine the motivation for an amendment. In this case, however, plaintiff filed an e-mail exchange between plaintiff and defendant to support his Rule 11 motion (Dkt. #19), which shows plaintiff's wrongful motive in seeking the amendment at issue:

> First, I will be filing suit through my attorneys against you, Ines Romischer, and a number of others again in Federal court within days on a wide variety of non-FCRA claims unless all harassment against me stops immediately. All this litigation has become necessary as the only tool available to end this nonsense, and that is exactly what it is. I have better things to do than sit though depositions and fund discovery requests but I am left with no other alternative. I hope your time is equally as valuable. This whole process has become a game for Ines Romischer

>     and some others who thrive on hate and confrontation.  They will watch us destroy each other and that is precisely what will happen unless this whole feud ends NOW.  If you lose the FRCA claim . . . your career is over. . . .  I don't care if you live or die. . . .  I am asking for your cooperation and help.  If I don't get it, it means lawyers, courts, judges, and the rest, I fear for a long long time. . . .  Who do you think lived in Harbor Steps and now owes me $12,000?  Ask Evan Loeffler, he represents her.

Dkt. #19, Attach. (August 2007 e-mail chain between plaintiff and defendant Bronchick).

As this e-mail indicates, the addition of the "non-FRCA" RICO claim and joinder of Ms. Romisher and Mr. Loeffler are just a "tool" to end a long-standing feud between plaintiff and defendant Bronchick.  Id.  By granting plaintiff leave to amend in this case, the Court would simply be furthering plaintiff's dilatory motive to use this litigation as a means to end this "nonsense."  Id.  Furthermore, as defendants contend in their response, the attempted joinder of Ms. Romisher and defense counsel here appears to be a retaliatory response to the dismissal of the King County District Court anti-harassment action.  See Dkt. #23 at 2 ("It is not suggested that either Ms. Romischer or counsel for the defendant did anything other than beat him [plaintiff] in [the] District Court action Mr. Abalos failed to attend.").  Based on these facts, bad faith is a strong factor supporting denial of plaintiff's motion.

### 2. Undue delay

"Undue delay is a valid reason for denying leave to amend." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir. 1991) (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)).  When deciding whether a party unduly delayed amendment, the Court evaluates the time that has passed between the original pleading and the proposed amendment. See id. at 798-99.  Plaintiff filed this action on June 4, 2007, but did not move to amend until nine months later on March 6, 2008.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (eight month delay from time of obtaining facts until filing amended complaint was unreasonable).  This nine month delay is significant, especially when coupled with the e-mail quoted above where plaintiff expressed in August of 2007 that he intended to add non-FCRA claims unless he received defendant's "cooperation and help."  The

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND                -4-

delay underscores the bad faith of the amendment because it suggests that plaintiff was ready to file the RICO claim and join Ms. Romischer and Mr. Loeffler as late as August 2007, but waited until March 2008 to see if the threat of additional claims produced "cooperation and help" from defendant Bronchick. Id. ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). Therefore, the delay in this case is a strong factor supporting denial of plaintiff's motion.

### 3. Futility

"[F]utile amendments should not be permitted." Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "[A] district court may properly deny such a motion [for leave to amend] if it would be futile to do so." Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) (citing DCD Programs, 833 F.2d at 186). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice, para. 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

Regarding the RICO claim, it is true that plaintiff set forth the elements of the RICO claim in his motion. See Dkt. #20 at ¶¶9-13; Living Designs, Inc. v. E.I. DuPont de Nemours and Co., 431 F.3d 353, 361 (9th Cir. 2005) ("The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to plaintiff's 'business or property.'") (quoting Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996)). However, the Court finds that "a formulaic recitation of the elements of a cause of action" are not enough for plaintiff to support amendment his RICO claim in the context of this case. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. The Court finds that plaintiff did not plead his RICO claim "across the line from conceivable to plausible" to warrant amendment. Id. at 1974. Plaintiff has not specified in any way the type of damage he has sustained, and significantly, he has not alleged how the RICO violation caused his damages. See, e.g., Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 773 (9th Cir. 2002) ("Section 1964(c) contains a causation requirement:  A plaintiff must show that the defendant's RICO violation was not only a 'but for' cause of his injury, but that it was a proximate cause as well."). Nor has plaintiff alleged a plausible claim against Ms. Romischer and Mr. Loeffler under the FCRA. As defendants correctly contend in their response, the motion does not allege that either Ms. Romischer or counsel for the defendant committed any act in violation of the FCRA. See Dkt. #23 at 2. Therefore, the futility of plaintiff's amendment supports denial of his motion.

### III. CONCLUSION

For all the foregoing reasons, the Court DENIES plaintiff's "Motion to Amend Complaint and Join Additional Defendants and Additional Cause of Action" (Dkt. #20).

DATED this 28th day of April, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge