IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT ABALOS,<br><br>    Plaintiff,<br><br>  vs.<br><br>WILLIAM BRONCHICK, an individual, and FLAMINGO WEST, LTD., a corporation,<br><br>    Defendants. | Case No.: C07-844RSL<br><br>MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>June 6, 2008 |

**I.  Relief Requested**

The Defendants, through counsel, request that the Court enter an order dismissing this matter under FRCP 12(b), or, alternatively, an order transferring this matter to the United States District Court for the District of Colorado pursuant to 28 USC § 1631.

**II. Statement of Facts**

The following facts are relevant to this motion to dismiss:

1. This case arises out of the plaintiff's claim that the defendants violated the Fair Credit Reporting Act when they allegedly requested the plaintiff's credit report from a credit reporting agency without authorization.

MOTION TO DISMISS - PAGE 1

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA  98121-2527
Phone: 206.443.8678    Fax: 206.443.4545

2. The defendant William Bronchick is a resident of Colorado. Declaration of William Bronchick ("Bronchick Decl."). The defendant Flamingo West, Ltd. is a corporation organized under the laws of Colorado. *Id.*

3. All alleged events that gave rise to this action occurred in Colorado and neither defendant has ever done business in Washington State. *Id.*

4. The defendants maintain a website that does not allow for interaction by users. *Id.* The website does not target Washington State residents, and the defendants do not place their products into the Washington State stream of commerce. *Id.*

5. The plaintiff filed a copy of the summons with the court. The summons gives the defendants 10 days to answer the complaint.

6. The plaintiff has at no time filed an affidavit with the court alleging that service of process upon the defendants cannot be done within Washington State.

### III. Statement of Issues

1. Is the service of process insufficient on the basis that the summons gives only ten days for the defendants to respond?

2. Does the Court lack personal jurisdiction over a Colorado resident and a Colorado corporation with no business ties to the State of Washington?

3. Is venue improper in the United States District Court of Washington, Western District?

### IV. Evidence Relied Upon

The court record and files herein and the Declaration of William Bronchick.

### V. Authority and Argument

1. <u>The Plaintiff's Process is Insufficient</u>.

The plaintiff's process served on the defendants is insufficient because it requires them to file an answer ten days after the service of the complaint. Pl. Summons. Such time is less than

MOTION TO DISMISS - PAGE 2

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA 98121-2527
Phone: 206.443.8678    Fax: 206.443.4545

1  the time for response permitted under the Federal Rules of Civil Procedure and Washington
2  State's long-arm statute. Federal Rule of Civil Procedure 12(a)(1)(A) allows a defendant to
3  serve their answer "within 20 days after being served with the summons and complaint." FRCP
4  12(a)(1). Washington State's long-arm statute grants the defendants even more time to answer:
5  "The summons upon the party out of the state shall contain the same and be served in like
6  manner as personal summons within the state, except it shall require the party to appear and
7  answer within *sixty days after such personal service out of the state*." RCW 4.28.180
8  (emphasis added). The plaintiff's failure to comply with Washington's long-arm statute and
9  the Federal Rules of Civil Procedure renders the summons in this case defective, and the
10 process insufficient.

11   2. <u>This Court Has No Basis to Assert Personal Jurisdiction Over the Defendants</u>.

12   This Court does not have a basis to assert personal jurisdiction over the defendants Mr.
13 Bronchick and Flamingo West, Ltd. ("Defendants") because the defendants' interactions with
14 Washington State do not satisfy the "minimum contacts" test, and Washington's long-arm
15 statute is not satisfied. Both the "minimum contacts" test and the long-arm statute must be
16 satisfied before a court can exercise personal jurisdiction over a non-resident defendant. *Shute*
17 *v. Carnival Cruise Lines*, 113 Wn.2d 763, 767, 783 P.2d 78 (1989).

18   A. <u>No Minimum Contacts With Washington State</u>.

19   Defendants do not have the requisite minimum contacts with Washington State to justify
20 the court's exercise of personal jurisdiction. There are three main factors considered in
21 determining whether a defendant has minimum contacts with a forum state:

22  (1) The nonresident defendant or foreign corporation must purposefully do some
    act or consummate some transaction in the forum state; (2) the cause of action
23  must arise from, or be connected with, such act or transaction; and (3) the
    assumption of jurisdiction by the forum state must not offend traditional notions
24

MOTION TO DISMISS - PAGE 3

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA 98121-2527
Phone: 206.443.8678   Fax: 206.443.4545

of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Shute*, 113 Wn.2d at 767 (1989). In *Shute* the plaintiff cruise ship passenger brought suit against the defendant cruise ship corporation for personal injuries she sustained when she slipped and fell during a tour of the ship's galley while at sea. *Id.* at 765. In determining whether the defendant had purposefully done "some act," the court noted that the defendant had no offices or agents in Washington State, but had advertised and promoted its cruises through Washington travel agencies. *Id.* at 766. In approving the exercise of personal jurisdiction over the defendant, the court adopted a "but for" standard: But for the defendant's transaction of any business within the state, would the plaintiff have been injured by the defendant? *Id*. at 772. Unlike the facts in *Shute*, the defendant William Bronchick does not live, work or have any contacts with the State of Washington. Bronchick Decl. The defendant Flamingo West, Ltd. is a Colorado corporation with offices in Colorado. *Id.* It does not do business in Washington, nor does it have any employees, offices or advertisements in Washington. *Id.* Moreover, the plaintiff has not alleged any facts that would provide a basis for this Court to exercise specific jurisdiction over the non-resident defendants. Every transaction giving rise to this action occurred either on the Internet or in Colorado. *Id.*

Defendants' Internet website is not a sufficient basis for the exercise of personal jurisdiction by a court sitting in Washington State. In *Precision Lab. Plastics, Inc. v. Micro Test, Inc.*, 96 Wn. App. 721, 981 P.2d 454 (1999), the court noted that a passive website that merely makes information available is not sufficient to support the exercise of personal jurisdiction:

MOTION TO DISMISS - PAGE 4

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA  98121-2527
Phone: 206.443.8678    Fax: 206.443.4545

> In analyzing personal jurisdiction over the internet, courts look to whether the web site was passive or active, and to what extent the parties purposefully conducted business in any given jurisdiction . . . *[A] passive web site, one that merely makes information available, does not support jurisdiction*; but when web sites invite an exchange of information, courts can examine the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.* at 728 n.6 (internal citations and quotations omitted; emphasis added). In the present case the defendants' website supplies information to site visitors and does not give them a means to interact with the site. Bronchick Decl. On that basis the website is passive and does not support the exercise of personal jurisdiction in Washington, especially in light of the breadth of commercial activities that the defendants engage in Colorado. It would be offensive to the concepts of fair play and substantial justice to allow a Colorado resident or corporation to be haled into a Washington State court when there exist no apparent minimum contacts with Washington.

    B.  <u>Washington's Long-Arm Statute is Not Satisfied</u>.

The exercise of personal jurisdiction is improper because Washington State's long-arm statute is not satisfied under the facts of this case. A court in Washington may exercise personal jurisdiction over a non-resident defendant if the cause of action arises out of any one of a series of the defendant's particular acts, including "[t]he transaction of any business within [Washington] state[.]" RCW 4.28.185(1)(a). In the present case no party has alleged that the defendants transacted any business within Washington State; indeed no such transactions have ever taken place. Bronchick Decl. On that basis the long-arm statute is not satisfied and this Court does not have a basis to exercise personal jurisdiction over the defendants.

In addition to the foregoing, a plaintiff's personal service upon a non-resident defendant is only valid after the filing of an affidavit with the court stating that service upon the defendant

MOTION TO DISMISS - PAGE 5

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA 98121-2527
Phone: 206.443.8678    Fax: 206.443.4545

cannot be made within the state. RCW 4.28.185(4). There is no record that the plaintiff filed any such affidavit with the court in this case. His failure to comply with that provision of the long-arm statute makes the statute unavailable as a basis for the exercise of personal jurisdiction and renders the original service of process ineffective.

3. <u>Venue Is Improper in the Western District of Washington</u>.

The United States District Court for the Western District of Washington is not the proper venue for this action. Proper venue is mandated by 28 USC § 1391, which states in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may...be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 USC § 1391(b) (2005). In the present case, all of the defendants reside or are situated in Colorado, and all of the alleged events in the complaint took place in Colorado. Bronchick Decl. Therefore venue is proper in the United States District Court in Denver, Colorado. This case has no connection to Washington State except for the fact that the plaintiff resides and does business in Washington. Pl. Compl. at 2. The plaintiff's residence and business activities are not relevant for determining proper venue.

**6.    Conclusion**

Process is insufficient because it did not give the defendants the statutorily-mandated time to respond to the complaint. This Court does not have a basis to exercise personal jurisdiction over the defendants because the minimum contacts requirement and long-arm statute are not satisfied. Venue is improper because the defendants are all situated in Colorado and none of the alleged events giving rise to this action occurred in Washington.

MOTION TO DISMISS - PAGE 6

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA  98121-2527
Phone: 206.443.8678    Fax: 206.443.4545

1  This Court is authorized to grant an award of attorneys' fees: "In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees." RCW 4.28.185(5). The defendants are entitled to award of attorneys' fees and costs incurred in defending this action.

In light of the foregoing Defendants respectfully request that the Court dismiss this action and award attorneys' fees and costs, or, in the alternative, transfer the action to the United States District Court for the District of Colorado pursuant to 28 USC § 1631.

Dated this 9th day of May, 2008

                                          LAW OFFICE OF EVAN L. LOEFFLER PLLC

                                          /s/
                                          _____
                                          Evan L. Loeffler
                                          WSBA No. 24105
                                          Attorney for Defendants

LAW OFFICE OF EVAN L. LOEFFLER PLLC
2033 Sixth Avenue, Suite 1040
Seattle, WA 98121-2527
Phone: 206.443.8678    Fax: 206.443.4545