UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ROBERT J. ABALOS,                       )     No. C07-844RSL
                                        )
            Plaintiff,                  )     ORDER GRANTING DEFENDANTS'
      v.                                )     UNOPPOSED MOTION TO DISMISS
                                        )
WILLIAM BRONCHICK, *et al.*,            )
                                        )
            Defendants.                 )
_____)

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion to Dismiss" (Dkt. #32). In their motion, defendants move to dismiss this case for improper service of process, lack of personal jurisdiction, and improper venue. Plaintiff, proceeding *pro se*, failed to respond to defendants' motion. For the reason set forth below, the Court grants defendants' motion to dismiss.

## II. DISCUSSION

On June 4, 2007, plaintiff filed this action claiming defendants violated provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, by accessing plaintiff's personal credit report. See Dkt. #1 (Complaint). Defendants now move to dismiss based primarily on a contention that the Court does not have personal jurisdiction over defendants under Fed. R. Civ. P. 12(b)(2). See Motion at 3-6. Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over defendants. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir.

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION TO DISMISS

2002); Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ("It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."). Because the Court exercises its discretion to resolve the motion without an evidentiary hearing, plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Ballard v. Salvage, 65 F.3d 1495, 1498 (9th Cir. 1995). In evaluating defendants' jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true. AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Even so, "bare-bones assertions" of minium contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden. See Alperin v. Vatican Bank, 410 F.3d 532, 539 n.1 (9th Cir. 2005); Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986).

"When subject matter jurisdiction is premised on a federal question, a court may exercise specific jurisdiction[1] over a defendant if a rule or statute authorizes it to do so and the exercise of such jurisdiction comports with the constitutional requirements of due process." AT&T Co., 94 F.3d at 589. Federal Rule of Civil Procedure 4(k)(1) states that "[s]erving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Therefore, in this case, in order to determine whether jurisdiction is authorized, the Court looks to Washington's long-arm statute. Myers v. Bennett Law Offices, 238 F.3d 1068, 1072 (9th Cir. 2001). The Washington Supreme Court has held that the state's long-arm statute, RCW 4.28.185, "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763,

---

[1] Plaintiff has not suggested that defendants are subject to general jurisdiction of the State of Washington or that defendants somehow consented to jurisdiction here. See Myers, 238 F.3d at 1072 n.1.

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION TO DISMISS           -2-

771 (1989). Thus, the Court need determine only whether the exercise of jurisdiction comports with federal constitutional requirements. See Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994) ("We have also interpreted Washington's long-arm statute as imposing no limitations beyond those imposed by due process.") (citation and quotation marks omitted).

Under this analysis, plaintiff must show that defendants had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). A defendant's contacts with the forum state are reviewed using a three-part test, such that jurisdiction exists where:  (1) the nonresident defendant has done some act or consummated some transaction with the forum or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction would be reasonable. Myers, 238 F.3d at 1072 (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)).  The "purposeful availment" requirement ensures that a party has sufficient contacts with the forum state to put him on notice that he could be haled into court there: "random, fortuitous, or attenuated contacts" are not enough to satisfy the constitutional requirements. Zeigler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995) (internal quotation marks and citation omitted).

In this case, the Court finds that plaintiff has failed to make a prima facie showing of personal jurisdiction. First, all of plaintiff's jurisdictional allegations in the complaint are controverted. In answering plaintiff's complaint, defendants denied each and every allegation, except the fact that defendant Bronchick is a resident of the State of Colorado maintaining offices in Aurora, Colorado, and defendant Flamingo West, Ltd. is a Colorado corporation doing business under the name Legalwiz Publications and has a registered agent in Aurora. See Dkt. #14 (Answer) (denying all allegations except paragraphs 2 and 3 relating to defendants' citizenship status); Dkt. #1 (Complaint).  Second, plaintiff failed to file a response to

defendants' motion to dismiss.  Under Local Civil Rule 7(b)(2), the Court may consider the failure to respond as an admission that defendants' motion has merit.  Id. ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").  In support of the motion to dismiss, defendants declared that "[a]ll alleged events that gave rise to this action occurred in Colorado and neither Flamingo West, Ltd. [n]or I have ever done business in Washington State."  See Dkt. #33 (Bronchick Decl.).  In failing to respond to defendants' motion, plaintiff has failed to make a prima facie showing to meet his burden to establish the Court's personal jurisdiction over defendants in this case.

Defendants also seek dismissal of plaintiff's claims based on lack of service of process and improper venue.  Given that plaintiff's claims against defendants will be dismissed for lack of personal jurisdiction, in the interest of judicial economy, the Court need not determine defendants' alternative arguments.

### III. CONCLUSION

For all the foregoing reasons, the Court GRANTS defendants' "Motion to Dismiss" (Dkt. #32).  Plaintiff's claims against defendants are hereby DISMISSED without prejudice.

DATED this 23rd day of June, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION TO DISMISS              -4-